United States District Court
Southern District of Texas
**ENTERED**
December 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LAKEITH RAQIB AMIR-SHARIF, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-366 |
| | § | |
| TDCJ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff LaKeith Raquib Amir-Sharif is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and currently is confined at the Ramsey II Prison Unit in Rosharon, Texas. Plaintiff complains about actions that occurred at the Garza West unit in Beeville, Bee County, Texas. Proceeding *pro se* and *in forma pauperis*,[1] Plaintiff filed this cause of action in state court on April 6, 2016 seeking injunctive and declaratory relief as well as damages from multiple individual defendants at TDCJ-CID. Plaintiff filed a first amended complaint in state court on May 27, 2016 (Ex. A to Resp. to Mot. to Remand, D.E. 6-1 at pp. 2-45). Defendants removed the action to federal court on August 29, 2016 (D.E. 1) and filed a motion to dismiss on September 1, 2016 (D.E. 2). Plaintiff responded to the motion to dismiss (D.E. 3) and filed several motions motions and supplemental motions to remand the action to state

---

[1] According to the Bee County District Clerk, Plaintiff did not pay the filing fee but sought to bring his state lawsuit *in forma pauperis*. *See* Bee County Civil Case Number B-16-1194-CV-A (D.E. 1-4).

court (D.E. 4, 5, 7, 11, 12).  Defendants filed a response to the motions to remand on November 10, 2016 (D.E. 6).

Plaintiff claims that his property was wrongfully taken while he was housed at the Garza West unit and he seeks compensation for the lost property as well as other damages.  Defendants move to dismiss his claims pursuant to the "three-strikes" rule found in 28 U.S.C. § 1915(g).

## JURISDICTION

Jurisdiction and venue are proper in this court because the actions about which Petitioner complains occurred in Beeville, Bee County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.   28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

On July 20, 2015, after having been transported to Brazoria County on a bench warrant, Plaintiff was temporarily housed at the Garza West transfer unit.  While Plaintiff was at the unit, Defendant Adelina Sanchez[2] took possession of Plaintiff's property, consisting of deodorant, a face cloth, one pair of reading glasses, a locker key, two bars of soap, an identification badge holder, and one tube of toothpaste.  Approximately one hour later, Sanchez and another defendant, Cynthia Anderson, summoned Plaintiff to an area where they were processing inmates' property.   Sanchez, citing a TDCJ

---

[2] Although Plaintiff named Sanchez as a defendant, she is not listed as a defendant on the docket sheet and the Attorney General's office does not refer to her as a defendant.

administrative rule, told Plaintiff that the items could not be brought back onto the unit and were considered contraband and subject to disposal.

Plaintiff objected to the confiscation and asked to speak to a higher ranking prison official.  Anderson agreed with Sanchez that Plaintiff was not entitled to the return of his property.  Part of the justification for taking Plaintiff's property was that the inventory sheet completed on June 4, 2015 was not legible.  Anderson ordered Sanchez to call the Ramsey II unit to verify with the property officer there that Plaintiff's property had been listed on the original inventory sheet.  Plaintiff was escorted back to a cell while the Ramsey II unit was contacted.

Approximately an hour later, Plaintiff was taken back to the property room where Anderson and Sanchez were talking to another officer.  Anderson told Plaintiff that the Ramsey unit had confirmed which items Plaintiff had taken with him when he was transported on the bench warrant.  Anderson and Sanchez also told Plaintiff that unidentified officers at the Ramsey II unit had reported that Plaintiff was a "writ-writer" and that they needed to watch out when they were dealing with him.  Anderson told Plaintiff that nobody at the Garza West unit was scared of him and the officers laughed at him.

Plaintiff told the officers that he wanted his property taken to the prison gate so his family could pick it up.  In response, Sanchez began preparing a "Disposition of Confiscated Property" form in addition to the "Offender Intake Inventory" form. However, neither form was properly completed and Plaintiff complained to Anderson and Sanchez about the failure to complete the forms.  Plaintiff's property was never made

3 / 16

available for his family to pick up.  Plaintiff filed numerous grievances and wrote letters in an attempt to have his property returned to him, but he never received it.

In his original state court complaint, Plaintiff alleged the following causes of action:  (1) violation of the Texas Theft Liability Act, under Chapter 134 of the Texas Civil Practice and Remedies Code; (2) violation of state common law, i.e., trespass, conversion, negligence, gross negligence and substantive due process; (3) violation of his federal constitutional rights to due process, equal protection, discrimination and retaliation; (4) failure on the part of TDCJ supervisors to train and properly supervise staff; and (5) violation of his rights under the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.  Plaintiff sought a declaration that Defendants violated his rights, privileges, immunities, and protections under the U.S. Constitution and sought actual, compensatory, nominal, general and punitive damages.

In his amended state court complaint, Plaintiff appears to have abandoned his federal causes of action.  He seeks a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code that Defendants' conduct violated his "rights, privileges and entitlements."  (First Amd. Compl. at p. 31; D.E. 6-1 at p. 33).  He also seeks actual, compensatory, nominal and punitive damages.  As discussed more fully below, Plaintiff made one reference to federal law in his amended complaint and also alleged a violation of "substantive due process," which is construed as a claim under the Texas Constitution.

In their motion to dismiss, Defendants assert that Plaintiff cannot proceed *in forma pauperis* because he has brought several previous §1983 law suits which have been

4 / 16

dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.   Accordingly, Defendants move to dismiss Plaintiff's lawsuit without prejudice because it is barred by the three-strikes rule.   In his response to the motion to dismiss and in his motions to remand, Plaintiff contends that the live pleading in his case is the First Amended Petition filed in state court in which he does not assert a §1983 cause of action or any other federal cause of action.   He argues that this federal court does not have jurisdiction over his state law claims and asks that his case be remanded to state court.

## APPLICABLE LAW

### A.  Removal and Remand

A district court has removal jurisdiction in any case where it has original jurisdiction.  28 U.S.C. § 1441(a).  A district court has federal question jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United States.  28 U.S.C. § 1331.  A defendant seeking to remove an action to federal court bears the burden of showing that a federal question exists.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).   The removal statute is strictly construed and any doubt about the propriety of removal should be resolved in favor of remand.  *Id.*

"Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Id.* at 251-252 (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).  If at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1441(c).

**B.  Plaintiff's State Court Complaints**

As discussed above, Plaintiff deleted his federal claims from his amended complaint.  He asserts that because he did not raise any federal issues in the amended complaint, his case should be remanded.

Under the Texas Rules of Civil Procedure, an amended complaint supersedes all previous complaints, absent objection to the complaint by a party.  Tex. R. Civ. P. 65. Amended pleadings and their contents take the place of prior pleadings.  Causes of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed.  *FKM Partnership, Ltd., v. Board of Regents of University of Houston System*, 255 S.W.3d 616, 633 (Tex. 2008).  Plaintiff's first amended complaint, filed in state court without objection before this case was removed, is thus considered the live pleading in this matter.

Defendants contend that the amended complaint is defective because it is well established that that if an amended pleading asserts a new cause of action distinct from that stated in the original pleading, or requires a more onerous judgment against the defendant, that a new service of process is essential to enable the plaintiff to proceed to judgment.  Defendants then ask the Court to conclude that because Defendants were not served with the amended complaint, it does not represent the live pleading in this case.

Defendants cite *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 694 (Tex. App.—Corpus Christi 2000, pet. denied) in support of their argument.

*Palomin* involved a defendant/appellant against whom a default judgment had been entered and who was seeking a bill of review to set aside the judgment.  He argued that the judgment was void for lack of service because he had not been served with an amended petition in the case.  The court noted that "New citation is necessary for a party who has not appeared only when the plaintiff, by an amended petition, seeks a more onerous judgment than prayed for in the original pleading."  *Id*. at 693 (citing *Weaver v. Hartford Accident and Indemnity Co.*, 570 S.W. 2d 367, 370 (Tex. 1978)).  The court concluded that there was no need to serve the amended petition on Palomin because the only amendment was the correction of a name.  *Id*. at 693-694.

Defendants' reliance on *Palomin* is misplaced because the discussion in the case is limited to the effect of non-service of an amended complaint on a default judgment. Nothing in the case leads to a conclusion that failure to serve an amended complaint renders the amended complaint void on its face or affects removal or remand of a lawsuit filed in state court.

In addition, Defendants have not argued that the amended complaint in this case is more onerous than the original complaint.  Presumably it is less onerous because Plaintiff omitted the federal claims he brought in the original complaint and does not appear to have added any state claims.  For these reasons, Defendants' arguments against remand based are *Palomin* are without merit.

7 / 16

Defendants also argue that Plaintiff makes a "substantive due process" claim in his amended complaint that raises a federal question claim and subjects his claims to federal jurisdiction. However, the mention of substantive due process is part of a paragraph claiming that Defendants' actions constituted "state common law claims of trespass, conversion, negligence, and violation of substantive due process." (First Amd. Pet. at p. 29; D.E. 6-1 at p. 31). Article I, Section 19 of the Texas Constitution provides a substantive due process guarantee. *See Texas Workers' Comp. Com'n v. Garcia*, 893 S.W.2d 504 (Tex. 1995)(Texas state constitution due process clause contains a substantive as well as procedural component). Plaintiff is adamant that he is alleging only state law causes of action and federal law directs that the party who brings suit is master of what law is invoked. *Dardeau v. West-Orange-Grove Consolidated Independent School Dist.*, 43 F.Supp.2d 722, 725 (E.D. Tex. 1999). For these reasons, Plaintiff's reference to substantive due process is construed to refer only to his right to due process under the Texas Constitution.

The only other reference to federal law in the amended complaint is an assertion by Plaintiff that the unit grievance investigator is responsible for seeing that the grievance procedure is conducted in accordance with state law and the U.S. Constitution (First Amd. Compl. at p. 8; D.E. 6-1 at p. 10). However, Plaintiff does not request relief under 42 U.S.C. § 1983 based on any conduct by the grievance investigator.

In addition to the foregoing, the crux of Plaintiff's complaint is a demand for compensation for loss of property. Allegations of negligent loss of property do not state a claim for relief in federal court. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). If

8 / 16

Plaintiff wishes to pursue a negligence cause of action based on prison officials losing his property, his only recourse is to seek relief under state tort law.

Similarly, a claim based on intentional loss of property must be pursued in state court. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35. Thus, at this point, Plaintiff is limited to seeking damages for loss of property via a lawsuit in state court. *See also* Tex. Gov't Code § 501.007 (provides that TDCJ may pay claims for lost or damaged property up to $500).

Based on the foregoing, Plaintiff's first amended petition in state court should be considered the live pleading in this case. Because he did not raise any federal claims, his motion to remand should be granted and his case should be remanded to state court.

Notwithstanding this recommendation, even if Plaintiff's amended complaint is not considered the live complaint, or even if the amended complaint raised federal causes of action along with seeking compensation for the lost property, the end result would be the same. As discussed more fully below, in the alternative to the above recommendation, any federal causes of action raised by Plaintiff should be dismissed pursuant to the "three strikes rule" and his state law causes of action should be remanded.

## C.  Three Strikes Rule

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act (PLRA), including the three strikes rule, 28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis*.  28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  The purpose of the three-strikes rule is to discourage inmates from filing frivolous lawsuits.  *Banos*, 144 F.3d at 884.  Prisoners may continue to file lawsuits, but they must prepay the failing fee.  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  *Id*.

**D.  Plaintiff's Litigation History**

Plaintiff has filed at least nine civil actions and appeals in federal court which have been dismissed as frivolous. *See, e.g.*, *Amir-Sharif v. Dallas Cty. Jail SRT Unit*, 278 Fed. Appx. 461 (5th Cir. 2008);  *Amir-Sharif v. Gonzalez*, 270 Fed. Appx. 275 (5th Cir. 2008); *Amir-Sharif v. Dallas Cty, Tex*., 269 Fed. Appx. 525 (5th Cir. 2008); *Amir-Sharif v. Dallas Cty. Pub. Defenders Off.*, 233 Fed. Appx. 364 (5th Cir. 2007);  *Amir-Sharif v. Dallas Cty., Tex.*, 239 Fed. Appx. 884 (5th Cir. 2007);  *Amir-Sharif v. District Attorney's Off.*, No. 3:06-cv-2277-B, 2007 WL 530231 (N.D. Tex. 2007); *Amir-Sharif v. Dallas Cty.*, No. 3:06-cv-81-B, 2006 WL 2583386 (N.D. Tex. 2006);  *Amir-Sharif v. Sweet*, No. 3:06-cv-2127-N, 2007 WL 1237960 (N.D. Tex. 2007); and *Amir-Sharif v. Univ. of Tex. Med. Branch*, No. 3:07-cv-0176-G, 2007 WL 1266349 (N.D. Tex. 2007).  In addition,

Plaintiff has been sanctioned by the Fifth Circuit and barred from filing any pleading in the Fifth Circuit or any court subject to the Fifth Circuit's jurisdiction until he has paid the sanction amount of $555.[3]  He also was warned that any future meritless filings in the Fifth Circuit would subject him to additional sanctions, as would the failure to withdraw any pending frivolous matters.  *Gonzalez*, 270 Fed. Appx. at 277 (included herein at D.E. 2-1, pp. 37-38).  Plaintiff is now barred from filing a civil rights suit *in forma pauperis* unless he is in imminent danger of physical injury.  28 U.S.C. § 1915(g).

It is clear that had Plaintiff filed his lawsuit in federal court that it would be dismissed pursuant to §1915(g).  The only way he would be able to proceed with the lawsuit is if he paid the filing fee.  *Adepegba*, 103 F.3d at 387.

**E.  Effect of Filing in State Court**

Plaintiff filed his cause of action in state court and it was removed to federal court. The Fifth Circuit has not decided whether the three-strikes rule applies if a prison inmate files a federal claim in state court and it is subsequently removed to federal court.  *See Fleming v. United States*, 538 Fed. Appx. 423, 426 (5th Cir. 2013)(declining to address three-strikes dismissal on removal of case from state court after finding cause of action barred by limitations).  However, other district courts have found that plaintiffs who plead federal causes of action in state court lawsuits are subject to the three-strikes rule when their cases are removed to federal court.  *See, e.g., Amir-Sharif v. Nwagboso*, No. 3:16-cv-44 (S.D. Tex. May 13, 2016); *Harris v. Florida Dept. of Corrections*, No. 4:14-

---

[3] Plaintiff was assessed a sanction of $455 in *Amir-Sharif v. Gonzalez*, 270 Fed. Appx. 275, 277 (5th Cir. 2008) and a sanction of $100 in *Amir-Sharif v. Dallas Cty., Texas*, 269 Fed. Appx. 525 (5th Cir. 2008).

CV-575-RH/GRJ, 2015 WL 1729474 (N.D. Fla. April 14, 2015); *Riggins v. Kuoy*, No. 14-0215-CG-M, 2014 WL 3764156 at *3 (S.D. Ala. July 30, 2014); *Kotewa v. Corrections Corp. of America*, No. 3:10-CV-0923, 2010 WL 5156031 at *3 (M.D. Tenn. Dec. 14, 2010); *Farnsworth v. Washington State Dep't of Corrections*, No. C07-0206-RSM, 2007 WL 1101497 at *1 (W.D. Wash. Apr. 9, 2007).   Not applying the three-strikes rule to cases that are removed from federal court would provide inmates with an easy way to circumvent the statute's intended effect of deterring frivolous lawsuits. *Harris*, 2015 WL 1729474 at *5.

This concern weighs heavily here because Plaintiff has filed multiple lawsuits which have been dismissed as frivolous and he has been barred from filing additional *in forma pauperis* lawsuits.   In addition, he has unpaid sanctions pending for frivolous filings.  If Plaintiff were allowed to proceed on his federal claims in this case because he initially filed the claims in state court, it would undermine the purpose and intention of 28 U.S.C. § 1915(g).   Therefore, if a finding is made that Plaintiff raised federal causes of action by virtue of his filings in state court, it is recommended that the federal claims be dismissed because Plaintiff is barred from bringing them without paying the filing fee.

**F.  Remaining State Law Claims**

In the cases cited above where it was found that the three-strikes rule applies to cases removed from federal court, the plaintiffs all brought §1983 causes of action, even though they filed their lawsuits in state court.  Under those circumstances, it is clear that dismissal of the entire case is warranted under 18 U.S.C. § 1915(g).  In the instant case, it

is not clear that dismissal of the entire case is warranted because Plaintiff also brings state law causes of action.

Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over a state law claim if the claim is so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.  However, if a district court dismisses all federal claims from a lawsuit or a plaintiff withdraws the federal claims, the court must analyze the statutory and common law factors relevant to the question of its jurisdiction over pendent state law claims. *Enochs v. Lampasas County*, 641 F.3d 155, 158 (5th Cir. 2011).   The statutory factors are set forth in 28 U.S.C. § 1367(c):  (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction.

The doctrine of supplemental jurisdiction is a "doctrine of flexibility" and a district court has wide discretion in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated.  *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 (1988).  When a single federal-law claim is eliminated at an early stage of the litigation, a district court has a powerful reason to choose not to continue to exercise supplemental jurisdiction over a pendent claim.  *Id.* at 351 (1988).

Looking at the factors, the state claim does not appear to be particularly novel or complex, making the first factor neutral.  Plaintiff made an effort to eliminate his federal claims from his Bee County lawsuit, making his state claims predominant over his federal

claims.  Therefore, the second factor weighs in favor of remand.  It is recommended that the federal claim be dismissed and if that recommendation is adopted, the third factor also will weigh in favor of remand.  No exceptional circumstances or other compelling reasons for declining jurisdiction are noted.

The common law factors are described in *Carnegie-Mellon*, 484 U.S. at 350, 353 (1988).  They include judicial economy, convenience, fairness, and comity.  *Id*. at 350. All of these factors weigh in favor of remand.  Accordingly, if the District Court declines to remand Plaintiff's entire case to state court but dismisses the federal claims, the balance of statutory and common law factors weigh in favor of remanding Plaintiff's remaining state law claims to state court.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss (D.E. 2) be granted in part and denied in part.  Plaintiff's federal causes of action should be dismissed without prejudice pending full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).  It is further recommended that Plaintiff's motions and supplemental motions to remand (D.E. 4, 5, 7, 11, 12) be granted insofar as his state law causes of action should be remanded to state court.

Respectfully submitted this 9th day of December, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).